[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12673
Non-Argument Calendar

_____

D. C. Docket No. 05-00118-CR-01-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERANCE LASHAWN GRIMMETTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 22, 2006)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

On January 26, 2006, a Northern District of Georgia jury found Terance

Lashawn Grimmette guilty of violating 18 U.S.C. §§ 2113(a), 3559(c)(1) by robbing a Wachovia Bank in Atlanta, Georgia on November 30, 2004, and by robbing a Wachovia Bank in Lilburn, Georgia on January 10, 2005. On May 2, 2006, the district court sentenced him to prison to concurrent terms of 240 months and ordered him to make restitution in the sum of $4, 071. Grimmette now appeals his convictions, raising these issues:

(1) whether the district court committed Fourth Amendment error in denying his motion to suppress evidence seized from his apartment pursuant to a search warrant because the affidavit supporting the warrant lacked probable cause;

(2) whether the district court committed Fourth Amendment error in denying his motion to suppress the warrantless seizure of his Wachovia bank records and car rental records at Accent Car Rental;

(3) whether the district court abused its discretion in admitting under Federal Rule of Evidence 404(b) evidence of five prior, uncharged bank robberies committed at Wachovia banks in Columbus, Georgia, with a modus operandi strikingly similar to the method used to commit the robberies described in the indictment in this case; and

(4) whether the district court committed plain error under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), in admitting

2

evidence of robberies mentioned in (3) above because he had no opportunity to examine those witnesses or present evidence that he was not involved in the robberies.

We find no merit in the first issue. The Report and Recommendation of the magistrate judge, which the district court adopted as the judgment of the court, properly found probable cause for the warrant.

We find no merit in the second issue as well. Grimmette's bank and car rental records, which were gathered from his bank and from the car rental agency, were legally obtained. Contrary to Grimmette's view of the law, "[I]ndividuals have no Fourth Amendment expectation of privacy in their financial records while those records are in the hands of third parties." Lopez v. First Union Nat'l Bank, 129 F.3d 1186, 1190 (11th Cir. 1997). "[A]n individual has no claim under the fourth amendment to resist the production of business records held by a third party." In re Grand Jury Proceeding, 842 F.2d 1229, 1234 (11th Cir. 1988). In short, Grimmette had no Fourth Amendment right of privacy in these records kept and maintained by Wachovia Bank and Accent Car Rental.

As for Grimmettee's third issue, we find no abuse of discretion in the admission into evidence of the five Wachovia bank robberies in Columbus. Federal Rule of Evidence 404(b) provides that

3

> evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

To be admissible under this rule "the evidence must be relevant to an issue other than the defendant's character," "as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act," and "the probative value of the evidence must not be substantially outweighed by unfair prejudice." United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993).

When Rule 404(b) evidence is offered to establish identity, this standard is "particularly stringent" and "the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused. In other words, the evidence must demonstrate a modus operandi." United States v. Lail, 846 F.2d 1299, 1301 (11th Cir. 1988) (quoting United States v. Beechum, 582 F.2d 898, 912 n.15 (5th Cir. 1978) (en banc)). The level of proof required by the second prong of this test of admissibility is based on the standards of relevancy in Federal Rule of Evidence 104(b), and the government need not come forward with proof beyond a reasonable doubt, or even clear and convincing evidence, that the defendant committed the extrinsic acts for

4

the Rule 404(b) evidence to be admissible.  Beechum, 582 F.2d at 913.

The central factor in assessing whether the probative value of Rule 404(b) evidence is substantially outweighed by its prejudicial impact is whether the evidence is essential to obtain a conviction or the government can do without such evidence.  See United States v. Pollock, 926 F.2d 1044, 1049 (11th Cir. 1991).

> The probity of evidence of other crimes where introduced for this purpose [demonstrating modus operandi] depends upon both the uniqueness of the modus operandi and the degree of similarity between the charged crime and the uncharged crime.  Of course, it is not necessary that the charged crime and the other crimes be identical in every detail.  But they must possess a common feature or features that make it very likely that the unknown perpetrator of the charged crime and the known perpetrator of the uncharged crime are the same person.  The more unique each of the common features is, the smaller the number that is required for the probative value of the evidence to be significant.  But a number of common features of lesser uniqueness, although insufficient to generate a strong inference of identity if considered separately, may be of significant probative value when considered together.

United States v. Myers, 550 F.2d 1036, 1045 (5th Cir. 1977).  "An evaluation of the probative value of the evidence must also consider the similarity between the extrinsic and charged offenses and the time gap between the two offenses."  United States v. Hernandez, 896 F.2d 513, 521 (11th Cir. 1990).

The evidence that Grimmette committed the five Columbus robberies met the relevancy and sufficiency prongs of the test for admissibility because it tended to show a common modus operandi in the seven robberies (the five Columbus

5

robberies and the two charged in the instant indictment) and that Grimmette was the perpetrator.

The probative value of the evidence regarding those robberies was also not substantially outweighed by its undue prejudice. Since Grimmette contested whether he had committed the charged bank robberies, identity was at issue in the trial, the government was required to prove it beyond a reasonable doubt, and the government would have faced several difficulties obtaining a conviction of Grimmette without the Rule 404(b) evidence. Therefore, evidence of the robberies was reasonably necessary for the government to prove identity. In addition, the Rule 404(b) conduct was substantially similar to the charged conduct in this case. Further, the district court limited the prejudicial effect of the extrinsic evidence by giving the jury cautionary instructions at the close of trial, although it did not give such instructions when the evidence was introduced. In sum, we find no abuse of discretion in the admission of this evidence.

Grimmettee's fourth issue implicates the Sixth Amendment's Confrontation Clause. He asserts that all of the information presented about five Wachovia robberies in Columbus was testimonial, and that he had no opportunity to examine witnesses providing that information. Grimmette did not raise this Confrontation Clause issue in the district court. We therefore consider it for plain error. <u>United</u>

States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 545 U.S. 1127 (2005). This standard requires that there be error, that it be plain, and that it affect substantial rights. Id. at 1298. A substantial right was affected if the appellant can show that there is a reasonable probability – sufficient to undermine the confidence in the outcome of the case – that there would have been a different result had there been no error. Id. at 1299. If these conditions are met, then we may exercise our discretion to notice the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1298.

Under the Confrontation Clause, testimonial hearsay is admissible only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine. Crawford, 541 U.S. at 59, 124 S.Ct. at 1369. Testimonial statements are typically declarations or affirmations made for the purpose of establishing some fact. Id. at 51-52, 124 S.Ct. at 1364.

Grimmette's rights under the Confrontation Clause were not violated by the admission of evidence relating to the five robberies because that evidence was not testimonial hearsay. The evidence consisted of live testimony from the bank tellers targeted in the robberies. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted which is not a prior inconsistent statement or a party-opponent admission. Fed. R. Evid. 801(c)-(d). The live testimony of a witness at

7

trial is not an out-of-court statement, is not hearsay, and does not violate the Confrontation Clause. <u>Crawford</u>, 541 U.S. at 55, 124 S.Ct. at 1367. In fine, we find no plain constitutional error in the admission of the challenged evidence.

Grimmettee's convictions are

**AFFIRMED.**